**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 16 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VLADAMIR RUV, AKA James Ruf, AKA Vladimir Ruf,<br><br>    Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>    Respondent. | No. 18-70444<br><br>Agency No. A213-080-689<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 16, 2020[**]

Before: HAWKINS, GRABER, and McKEOWN, Circuit Judges.

  Vladimir Ruv, a native of Russia, petitions for review of the Board of

Immigration Appeals ("BIA") decision affirming the denial of his asylum,

withholding of removal, and Convention Against Torture ("CAT") claims. We

have jurisdiction under 8 U.S.C. § 1252(a)(1), and we deny the petition.

---

  [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  [**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review the BIA's factual findings under the substantial evidence standard. *Lai v. Holder*, 773 F.3d 966, 970 (9th Cir. 2014). Factual findings "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Smolniakova v. Gonzales*, 422 F.3d 1037, 1044 (9th Cir.2005).

The BIA's conclusion that Ruv was firmly resettled in Mexico is supported by substantial evidence. Ruv was granted asylum in Mexico, lived there for one year, and had the freedom to work, travel, and become a citizen. *See* 8 C.F.R. § 1208.15. Substantial evidence further supports the BIA's conclusion that the conditions of Ruv's stay in Mexico were not "so substantially and consciously restricted by the authority of the country of refuge that he… was not in fact resettled," *id*. § 1208.15(b). Although Ruv experienced sporadic harassment, violence, and unpleasantness in Mexico, none of these incidents indicates that the Mexican government substantially and consciously restricted Ruv. *See Nahrvani v. Gonzales*, 399 F.3d 1148, 1152 (9th Cir. 2005).

The final order removes Ruv to Mexico and, only in the alternative, to Russia. Even assuming that Ruv's asylum claim is not statutorily barred and that conditions in Russia remain relevant to his claims, we are not compelled to overturn the BIA's conclusion that Ruv established neither past persecution nor a well-founded fear of future persecution. *See Bringas-Rodriguez v. Sessions*, 850

F.3d 1051, 1062 (9th Cir. 2017) (en banc). Ruv admits he mostly kept his political beliefs to himself in Russia and did not experience any harm while living there. And there is only thin evidence suggesting Ruv would face problems for his political opinions if he returned to Russia. *See Rusak v. Holder*, 734 F.3d 894, 896 (9th Cir. 2013) (requiring credible, direct, and specific evidence to support a reasonable fear of persecution). Finally, we have recognized that "forced conscription or punishment for evasion of military duty generally does not constitute persecution on account of a protected ground." *Movsisian v. Ashcroft*, 395 F.3d 1095, 1097 (9th Cir. 2005) (citation omitted).

Ruv necessarily failed to establish eligibility for withholding of removal, which has a higher standard than asylum and, here, was based on the same claims and evidence. *Lim v. INS,* 224 F.3d 929, 938–39 (9th Cir. 2000).

Finally, substantial evidence supports the agency's denial of CAT relief because Ruv did not show it would be "more likely than not" that he would be tortured if returned to Russia. 8 C.F.R. § 208.16(c)(2); *see Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

**PETITION DENIED.**